[S. F. No. 9831. In Bank.—June 30, 1922.]

## JOSEPH SILVA, Appellant, v. MARY ANN SILVA et al., Respondents.

[1] HUSBAND AND WIFE—PROPERTY SETTLEMENT—CONCLUSIVENESS.— A husband cannot defeat a property settlement made with his wife in the absence of a showing of fraud or mutual mistake.

[2] ID.—AMOUNT REALIZED FROM NOTES—INSUFFICIENT EVIDENCE OF FRAUD.—In the absence of fraud or misrepresentation, a property settlement between a husband and wife cannot be defeated by the husband on the ground that the wife realized more from notes which were taken by her than it was estimated she would receive therefrom at the time the settlement was made.

[3] ID.—WITHDRAWALS FROM MUTUAL BANK ACCOUNT—ABSENCE OF KNOWLEDGE—INSUFFICIENT EVIDENCE OF FRAUD.—A property settlement between a husband and wife cannot be defeated by the husband on the ground that the wife, prior to the date of the settlement, had drawn sums from their mutual bank account without his knowledge or consent, in the absence of a showing that such sums were not used for community purposes or that the withdrawals were not considered in the settlement.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

James P. Montgomery and George F. Sharp for Appellant.

F. L. De Freitas and John L. McVey for Respondents.

SLOANE, J.—Plaintiff brought this action for an accounting and to recover from defendants, his wife and stepson, money which he claimed was wrongfully and fraudulently withheld from him in a settlement previously had between plaintiff and his wife.

Judgment was for defendants, and plaintiff appeals.

The trial court found that in the settlement referred to, property affairs of the marital community were determined and adjusted by mutual agreement between the parties, and that the plaintiff had entered into such agreement voluntarily and with full knowledge of all the facts and uninfluenced by fraud or mistake, and that such settlement was final and conclusive as to plaintiff's rights.

The property consisted of bank accounts and certain notes and mortgages aggregating in value about $9,000 or $10,000. This property was the accumulation of the earnings of plaintiff and his wife during a period of thirty years of married life, mostly from the wages and earnings of plaintiff. The deposits of earnings were made in bank in the joint names of plaintiff and his wife, but the plaintiff being constantly employed and unable to read or write, the management of the account was left to the wife and the defendant Manuel J. Silva, her son by a former marriage, and all deposits and withdrawals were made by the wife.

Some differences having arisen between the parties over the management of the property, the plaintiff demanded a division and employed a lawyer to represent him in effecting such settlement.

All the parties met at the lawyer's office. The plaintiff at that time, though without any definite knowledge or information on the subject, estimated the whole amount of deposits and loans at a value of $12,000, and proposed an equal division. The wife objected to an equal division and threatened to obtain a divorce if she did not receive more than half. A basis of settlement was finally agreed to by

which the plaintiff received as his share $4,574.36 in money, and his wife received a small balance in money and the notes and mortgages, amounting at their face value to $4,700.

It does not appear either from the findings or the evidence at what actual valuation the notes were estimated in the settlement, or what amount of cash the wife received in addition to the notes, but the court finds that the share of the wife amounted to from $150 to $200 more than the $4,574.36 received by plaintiff, which would make her portion of a valuation of $4,724 or $4,774. Plaintiff himself only claims that the wife's share exceeded his own by $500.

There is testimony in the record that the plaintiff on the recommendation of his attorney agreed to making his wife's share from $150 to $200 more than his own, and it is a fair inference that the notes were put in at a figure which would give such result in the settlement. At their full face value it is claimed that Mrs. Silva received $502.64 excess. It is a reasonable assumption that in taking notes instead of money, with the risk attending upon converting them into cash, that they were estimated at something less than their face in the settlement, and there was testimony that the plaintiff expressed a preference for cash as his share in the division. At any rate, the plaintiff, with the counsel of his attorney who was present and advising him, accepted the $4,574.26 in cash as his share, and turned over the balance of the property to his wife in full satisfaction of their respective claims.

There can be no question from all the evidence in the case but that this division was intended to vest a separate property in each to the amount agreed upon.

[1] Plaintiff cannot go back of this settlement in the absence of a showing of fraud or mutual mistake.

There are only two averments in his alleged cause of action which give any color to such a showing, and the findings, supported by the evidence, are against plaintiff on both of these.

[2] He claims that he was induced to make this settlement by the understanding that his wife was to receive only $150 or $200 more than he. That was not, however, the basis of the division. The division was made by plain-

tiff accepting $4,574.26 in cash and turning over to his wife what was left, and it must be presumed that the notes were included on a valuation which brought their shares to the proportion agreed upon. All of the money and property was before them, and the final terms of settlement were that plaintiff took the agreed sum of money and his wife took what was left. There is nothing to indicate that it was not at the time, and in view of the values before them and the agreed excess in the wife's favor, a fair settlement.

The finding by the trial court that the wife's share exceeded that of the plaintiff by only $150 or $200, even if not supported by the evidence, cannot affect the judgment, because the division was made upon a valuation fixed by the parties at the time the division was made, and the circumstance that Mrs. Silva realized two or three hundred dollars more than was estimated cannot defeat the settlement, in the absence of fraud or misrepresentation, and there is no evidence of any.

[3] The other point of appellant's contention is that prior to the date of the division Mrs. Silva had drawn from the mutual bank accounts sums aggregating $2,872.06 without plaintiff's knowledge or consent; that plaintiff was ignorant as to the amount of the deposits, and that the settlement made with Mrs. Silva did not include or take into account any of these withdrawals, and it is the claim of plaintiff that the defendants had wrongfully and fraudulently appropriated these sums to their own use.

The bank books introduced in evidence disclose the fact that such withdrawals had been made from this mutual deposit account by Mrs. Silva from time to time as follows: January 10, 1908, $100;. February 12, 1908, $422.06; July 29, 1910, $1,100; March 13, 1913, $600; October 1, 1913, $650.

The settlement and division of property between plaintiff and his wife was on or about July 30, 1914.

Plaintiff testifies that he had no knowledge or notice of the withdrawal of these items and received no part of the money. It is conceded that the handling of all the community earnings was during all the period covered by these transactions intrusted to the wife, who evidently paid therefrom the household expenses, deposited the savings, and drew upon the account in her own name. While there is

no explicit evidence accounting for the disposition of the amounts checked out of this account, there is evidence that loans of money from the community funds were made from time to time, some of them corresponding closely with the dates of the larger withdrawal. There was, indeed, no source disclosed other than the community savings from which the several thousands of dollars represented by the notes which were allotted to Mrs. Silva in the settlement could have been derived. Mrs. Silva was legally the custodian and dispenser of these funds, and there is not the slightest evidence in the record of any appropriation or application of any money to other than community debts and investments, and there is no ground for presumption or inference of any such misappropriation.

The finding of the trial court is that it is not true that any of these amounts "were withdrawn from deposit in the bank by either said defendant, Mary Ann Silva, or Manuel J. Silva, in fraud or wrong of plaintiff."

Moreover, it is not shown in evidence that all these items were not considered by the parties in the settlement. It is true that the plaintiff is unlettered and lacking in business acumen, and he testifies that the fact of these withdrawals was not known to him at the time the division was made, but he was at the time represented by a competent and trustworthy lawyer. This attorney, when asked on the trial if at the time of the settlement the plaintiff was informed as to the withdrawals from the bank account, answered: "Not in detail, but I think the total amounts, whatever the books show, were known at the time. Of course, we went to the bank." With the books and accounts before them it must be presumed that the agreement arrived at took into consideration all that was there disclosed.

Considering the apparent ignorance and incompetence of the plaintiff, we have not confined ourselves in reviewing this matter to the portions of the evidence set out in the synopsis of the briefs, but have carefully read the entire typewritten record on appeal, and have been unable to discover anything to indicate that the settlement between the parties was not the result of "open covenants openly arrived at."

Indeed, it is difficult to conceive how the community property, under the plaintiff's own testimony that the entire in-

come of this couple during the thirty years of its accumulation, derived from plaintiff's meager earnings of but sixty dollars per month during most of the time, and after deducting their necessary household expenses, could have amounted to the respectable sum of $10,000.

There is no ground for doubting that Mrs. Silva was a frugal and careful steward of the family affairs, and that the defendant Manuel Silva acted the part of a dutiful son to both his mother and stepfather.

It is an interesting circumstance that in the face of the years of litigation that has attended these differences over property affairs, the plaintiff and Mrs. Silva have continued to live together in the same house as man and wife.

The judgment is affirmed.

Waste, J., Lennon, J., Wilbur, J., Lawlor, J., Shurtleff, J., and Shaw, C. J., concurred.